**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHNNIE LAVELL YOUNG, | |
| Petitioner, | Case No. 16-cv-4649 |
| v. | |
| UNITED STATES OF AMERICA, | Judge Robert Blakey |
| Respondent. | |

### MEMORANDUM OPINION AND ORDER

In October 2010, Petitioner Johnnie Lavell Young ("Petitioner") was sentenced to 140 months' imprisonment for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to 28 U.S.C. § 2255, Petitioner now moves this Court to issue a new sentence in light of the Supreme Court's recent decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, Petitioner asks this Court to resentence him "without the career offender enhancement." Pet.'s Mot. [1] 7. Petitioner's motion is denied because Petitioner was not sentenced as a career offender in the first instance. Additionally, the Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

### I. Legal Standard

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."

*Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007).

## II. Discussion

### A. Petitioner Was Not Sentenced As A Career Offender

On March 2, 2010, Petitioner was charged with, *inter alia,* possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Hicks, et al.*, No. 08-cr-401 (N.D. Ill. 2010) (hereinafter "*Hicks*") at Dkt. 608. On March 19, 2010, Petitioner pled guilty to the offense pursuant to a written plea agreement. *See id.* at Dkt. 673, 676. In the plea agreement, Petitioner admitted that the amount of crack cocaine that Petitioner "was personally involved with or which was reasonably foreseeable" to Petitioner was at least 204 grams. *Id.* at Dkt. 673. Such an amount carried a maximum statutory penalty of 20 years' imprisonment. *See* 21 U.S.C. § 841.

Additionally, the amount of crack cocaine involved in Petitioner's offense resulted in a base offense level of 32 under the Drug Quantity Table found in § 2D1.1(c)(4) of the 2009 Federal Sentencing Guidelines (the "Guidelines"). *See* Federal Sentencing Guidelines Manual § 2D1.1(c)(4) (November 1, 2009) (equating

at least 150 grams but less than 500 grams of cocaine base with a base offense level of 32). At the same time, Petitioner's prior criminal history qualified him as a career offender under § 4B1.1(a). *See Hicks* at Dkt. 890 ("Mr. Young qualifies as a career offender pursuant to § 4B1.1(a)"). The career offender portion of the Guidelines includes its own offense level calculation. *See* Federal Sentencing Guidelines Manual § 4B1.1(b) (November 1, 2009). Petitioner's base offense level under the career offender provision, however, was also 32. *See id.* (equating an offense with a statutory maximum of 20 years or more, but less than 25 years, with a base offense level of 32).

A sentencing hearing was held before Judge James Zagel on October 1, 2010. *See Hicks* at Dkt. 916. Unsurprisingly, Judge Zagel found a base offense level of 32, which he reduced to an adjusted offense level of 30 after subtracting two points for Petitioner's acceptance of responsibility. *See id.* at Dkt. 911; *see also* Federal Sentencing Guidelines Manual § 3E1.1.(a) (November 1, 2009) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.") (emphasis removed). Judge Zagel further found a Criminal History Category of V, which resulted in an overall sentencing guideline range of 151-188 months' imprisonment. *See Hicks* at Dkt. 911; *see also* Federal Sentencing Guidelines Manual, Appendix G, Sentencing Table (November 1, 2009). Petitioner was sentenced to 170 months' imprisonment. *See Hicks* at Dkt. 916.

In the immediate aftermath of Petitioner's original sentencing hearing, however, there was disagreement amongst the parties regarding the basis of Judge

3

Zagel's guideline determination. Specifically, the parties debated whether Judge Zagel based his offense level finding upon the amount of crack cocaine involved in Petitioner's offense (*i.e.,* § 2D1.1(c)(4) of the Guidelines), or Petitioner's eligibility as a career offender (*i.e.,* § 4B1.1 of the Guidelines).

Believing the former, on October 7, 2010, Petitioner moved to correct his sentence under Federal Rule of Criminal Procedure 35(a), which permits a court to correct a sentence that resulted from "arithmetical, technical, or other clear error." Petitioner claimed that his original sentence was "due to a possible arithmetical error in calculating his base offense level." *Hicks* at Dkt. 896. In particular, Petitioner believed that the Fair Sentencing Act of 2010, which was enacted just prior to Petitioner's sentencing hearing, reduced Petitioner's base offense level under § 2D1.1(c)(4) to a number lower than 32.[1] *Id.*

In response, the Government rejected Petitioner's premise that his offense level was based upon § 2D1.1(c)(4) rather than the career offender enhancement under § 4B1.1. *See Hicks* at Dkt. 911 ("[D]rug quantity was not the basis of the Court's offense level calculation here. . . . [U]ltimately, the Court stated that it accepted the . . . conclusion that [D]efendant was a career offender under Guideline § 4B1.1.").

Judge Zagel resolved the uncertainty during a motion hearing held on October 19, 2010. Upon questioning from the Court, Petitioner's counsel reiterated his desire to base Petitioner's sentence upon § 2D1.1(c)(4), *not* § 4B1.1:

---

[1] The Fair Sentencing Act of 2010 was signed into law on August 3, 2010. *See* Pub. L. No. 111-220, 124 Stat. 2372. Among other things, the Act increased the threshold quantity of crack cocaine for certain base offense levels listed in § 2D1.1(c)(4). *Id.*

4

> THE COURT [to Petitioner's counsel]: Okay. You've read the government's response?
>
> COUNSEL FOR PETITIONER: I have.
>
> THE COURT: Okay. Any reply to that one?
>
> . . .
>
> COUNSEL FOR PETITIONER: My reply is that the Court, I believe, should -- now that we have the evidence, *I think we should proceed and sentence my client again not as a career offender but based on the guideline amounts . . . . [T]he argument is basically that he should be sentenced based on the drug amounts and not as a career offender.*

*Hicks* at Dkt. 1653 at 2:11-3:9 (emphasis added). Petitioner's counsel further argued that although Petitioner qualified as a career offender under § 4B1.1, the court was not bound by that section in fashioning its sentence:

> COUNSEL FOR PETITIONER: The career offender is not mandatory statutorily speaking. The guidelines are not -- the guidelines are the guidelines. The statute comes from Congress and we're not talking about mandatory minimums which is [sic] statutory. But the bottom line is, the Court has the discretion and I don't think opposing counsel would argue with that to sentence him based on the amount of drugs that he acknowledged and he admitted to in his plea agreement.

*Id.* at 6:23-7:5. Counsel for Petitioner suggested that, under § 2D1.1(c)(4), Petitioner's base offense level should start at 30 rather than 32,[2] and be further

---

[2] Defendant's argument was based upon Judge Zagel's prior efforts to address the 18:1 crack/powder ratio contained in the Fair Sentencing Act (which had not yet been incorporated into the Guideline's Drug Quantity Table). At Defendant's October 1, 2010 sentencing hearing, the Court suggested that, to harmonize § 2D1.1(c) with the Fair Sentencing Act, the base offense level should be determined by multiplying the 204 grams of crack cocaine involved in the offense by 18, and then applying the resulting figure, 3,672 (or 3.672 kilograms), to the powder cocaine quantities contained in § 2D1.1(c). *See Hicks* at Dkt. 896. This resulted in a base offense level of 30. *See* Federal Sentencing Guidelines

5

reduced to 28 after application of the two-point acceptance of responsibility reduction. *Id.* at 7:9-16.

In response, the Government restated its belief that Petitioner was properly sentenced as a career offender under § 4B1.1:

> COUNSEL FOR GOVERNMENT: Judge, my recollection -- and just reviewing my notes but from what your Honor stated during the sentencing hearing is that . . . your Honor stated you were accepting the probation officer's view *that the career offender guideline did apply* and so the correct offense level is a level 32 based upon that. . . . So *I think the career offender guideline should apply* and the Court should impose the offense level -- an offense -- a sentence based upon the offense level that was calculated at the sentencing hearing in the first instance.

*Id.* at 3:14-4:10 (emphasis added).

Following additional argument from the parties, Judge Zagel stated the following:

> THE COURT: Okay. Let me tell you what my problem is. He is a career criminal offender and what [counsel for Petitioner] has done is he has shifted his argument which originally was based on the rough equivalent arithmetical error and he shifted his argument to the argument about the mandatory nature of the career offender which I think doesn't qualify as arithmetical error.
>
> What's giving me pause here was my view at the time -- and I have a clear recollection of this -- I had neglected to consider and I don't know why I thought this way but I thought of it at the time and I thought differently in other cases but sometimes this happens. I really thought that I was dealing with something more akin to the mandatory minimum than I was the career offender which I could disregard.

---

Manual § 2D1.1(c)(5) (November 1, 2009) (equating at least 3.5 kilograms but less than 5 kilograms of cocaine with a base offense level of 30).

> This was a career which means that [Petitioner's] argument, which should otherwise be unavailing because it's not arithmetical and technical, in my view prevails because it's the other third category. And like most judges, I'm reluctant to admit that I committed clear error but I did.
>
> So since I have a motion to modify the sentence -- to correct the sentence, I'm going to correct only that part which needs correction which is the custody time. Everything else remains the same and the guideline now is 130 to 162. It was not -- obviously not my intention based on what I actually did here to give a non-guideline sentence and it is still my intention to give a guideline sentence but the guideline I'm dealing with is 130 to 162.

*Id.* at 8:8-9:10. After hearing recommendations from the parties, Judge Zagel stated, "140 months. The sentence stands corrected and I believe that's it." *Id.* at 10:3-4. An amended judgment was entered the same day. *Hicks* at Dkt. 926.

The above soliloquy provides multiple insights into Petitioner's 2010 sentence. First, at Petitioner's initial sentencing hearing on October 1, 2010, Judge Zagel sentenced Petitioner as a career offender under § 4B1.1. *See Hicks* at Dkt. 1653 at 8:23 ("This *was* a career") (emphasis added). Second, at the time the initial sentence was imposed, Judge Zagel mistakenly believed that application of § 4B1.1 was mandatory. *See id.* at 8:15-22 ("[M]y view at the time -- and I have a clear recollection of this -- I had neglected to consider and I don't know why I thought this way but I thought of it at the time and I thought differently in other cases but sometimes this happens. I really thought that I was dealing with something more akin to the mandatory minimum than I was the career offender which I could disregard."); *see also United States v. Steward*, 339 F. App'x 650, 654 (7th Cir. 2009)

7

("After *United States v. Booker,* 543 U.S. 220 (2005), the district court is free to, in fact required to, look beyond a defendant's career offender status, to his individual situation to determine a reasonable sentence under § 3553.") (internal citations omitted); *United States v. Liddell*, 543 F.3d 877, 884-85 (7th Cir. 2008) ("Since *Booker,* the Supreme Court has consistently reaffirmed that *all* of the sentencing guidelines are advisory. We have clearly held that this includes the career offender guidelines.") (internal citations omitted).

Third, although Judge Zagel found Petitioner's motion claiming *arithmetical* error to be misplaced, he nonetheless deemed the court's mistaken belief regarding the mandatory nature of § 4B1.1 to constitute clear error, which also afforded relief under Rule 35(a). *See Hicks* at Dkt. 1653 at 8:23-9:2 ("[Petitioner's] argument, which should otherwise be unavailing because it's not arithmetical and technical, in my view prevails because *it's the other third category*. And like most judges, I'm reluctant to admit that I committed *clear error* but I did.") (emphasis added); *see also* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, *or other clear error*.") (emphasis added).

Fourth, and most relevant to the present litigation, following his finding of clear error, Judge Zagel amended his sentencing findings to adopt Petitioner's proposed base offense level of 30 under § 2D1.1(c)(4), *not* § 4B1.1, which was further reduced to 28 due to Petitioner's acceptance of responsibility. This conclusion harmonizes Judge Zagel's statement that "[e]verything else remains the same and

8

the guideline now is 130 to 162." *Hicks* at Dkt. 1653 at 9:5-6. Under the 2009 Sentencing Table, a guideline range of 130 to 162 months resulted from only two offense level/criminal history combinations: (1) an offense level of 27, combined with a criminal history category of VI; and (2) an offense level of 28, combined with a criminal history category of V. Federal Sentencing Guidelines Manual, Appendix G, Sentencing Table (November 1, 2009). Judge Zagel originally found Petitioner's criminal history category to be a V on October 1, 2010, which he did not amend on October 10, 2010.

This Court's reading of Judge Zagel's modified sentencing findings further comports with his explicitly stated intention "to give a guideline sentence." *Hicks* at Dkt. 1653 at 9:9. If, as Petitioner now contends, he had been sentenced as a career offender under § 4B1.1, the guideline range calculated by the court on October 10, 2010 would have been much different. Under § 4B1.1(b), Petitioner's offense level (after subtracting two points for acceptance of responsibility) would have been a 30, which, combined with a criminal history category of V, would have amounted to a guideline range of 151 to 188 months (as it did on October 1, 2010). *See* Federal Sentencing Guidelines Manual, Appendix G, Sentencing Table (November 1, 2009). Judge Zagel's modified 140-month sentence would have constituted a downward departure from such a guideline range, not a guideline sentence.

In short, the Court finds that Petitioner's adjusted October 10, 2010 sentence was based upon § 2D1.1(c)(4), *not* § 4B1.1, of the Federal Sentencing Guidelines.

9

Consequently, Petitioner was *not* sentenced as a career offender. Accordingly, Petitioner's § 2255 motion is moot.

### B. Petitioner Is Not Entitled To A Certificate of Appealability

Petitioner does not have the absolute right to appeal the Court's denial of his § 2255 motion; he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). As discussed, Petitioner's claim is factually baseless and without legal merit. Accordingly, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

### III. Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

Date: April 24, 2017

Entered:

John Robert Blakey
United States District Judge